# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-40282
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABRAHAM VILLARREAL-OROZCO, also known as Abrahan Orozco-Villarreal

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1371

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abraham Villarreal-Orozco appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Villarreal-Orozco contends that the district court misapplied the Guidelines and committed reversible error when it characterized his prior Texas conviction for possession with intent to deliver a controlled substance as a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). Because Villarreal-Orozco preserved his argument in the district court, we review that court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation of the Guidelines de novo. See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

The record demonstrates that Villarreal-Orozco was previously convicted of possession with intent to deliver a controlled substance in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). This court recently held that a § 481.112(a) conviction for possession with intent to deliver a controlled substance is indistinguishable from the offense of possession with intent to distribute and, thus, qualifies as a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1(a). United States v. Ford, 509 F.3d 714, 717 (5th Cir. 2007). Further, this court noted that the definitions of "drug trafficking offense" under § 2L1.2 and "controlled substance offense" under § 2K2.1 are effectively identical for purposes of determining if a prior § 481.112(a) conviction for possession with intent to deliver a controlled substance justifies a sentencing enhancement based on either section. Id. at 717 n.2. Therefore, in light of Ford, the district court did not err when it characterized Villarreal-Orozco's prior Texas conviction for possession with intent to deliver a controlled substance as a drug trafficking offense for purposes of § 2L1.2(b)(1)(A)(i).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Villarreal-Orozco challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.